IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ROBERT OSSIE DINKINS, Register No. 529495, )
                                            Plaintiff,    )
                                           v.    )    No. 08-4009-CV-C-NKL
STATE OF MISSOURI, al., )
                                            Defendants.    )

**REPORT, RECOMMENDATION AND ORDER**

      Plaintiff Robert Dinkins, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      The court is unable to determine from plaintiff's filings the nature of his section 1983 complaint. Plaintiff has filed numerous documents, all of which are difficult, if not impossible, to understand. One of plaintiff's filings contains hundreds of pages that are in no understandable order.

      Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Here, because the court is unable to determine the nature of plaintiff's claims due to his incomprehensible filings made in the case, his claims are recommended dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim on which relief can be granted.

To the extent plaintiff's instant complaint may be an attempt to reassert claims from a previously filed complaint, <u>Dinkins v. CMS</u>, No. 06-4303 (W.D. Mo. May 4, 2007), those claims are barred from being relitigated by the doctrine of res judicata.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim for which relief can be granted. It is further

RECOMMENDED that plaintiff's motions for orders be denied. [4, 5]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. <u>See</u> 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under

section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 28th day of April, 2008, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge